**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Vincent Crupi, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 6953 |
| Palisades Collection, LLC, a Delaware limited liability company and Wyse Financial Services, Inc., a Colorado corporation, | ) ) ) ) ) ) | |
|     Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Vincent Crupi, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, B) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Vincent Crupi ("Crupi"), is a citizen of the State of New York, from whom Defendants attempted to collect a delinquent consumer debt owed for a Providian-Chase Bank credit card. These collection actions took place despite the fact that he had told the Defendants that he refused to pay the debt and was represented by

the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Palisades Collection, LLC ("Palisades"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Palisades was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Palisades is a debt scavenger that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect itself or through other debt collectors.

6. Defendant, Wyse Financial Services, Inc. ("Wyse"), is a Colorado corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Wyse was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Both Defendant Palisades and Defendant Wyse are licensed to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Palisades and Wyse conduct business in Illinois.

8. Both Defendant Palisades and Defendant Wyse are licensed as debt collection agencies in the State of Illinois, see, record from the Illinois Division of

2

Professional Regulation, attached as Group Exhibit B. In fact, Palisades and Wyse act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Mr. Crupi is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Providian-Chase Bank credit card. At some point in time after that debt became delinquent, Defendant Palisades bought Mr. Crupi's Providian-Chase Bank debt. When Defendant Palisades began trying to collect this debt from him, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

10. Accordingly, on July 24, 2008, one of Mr. Crupi's attorneys at LASPD informed Defendant Palisades, in writing, that Mr. Crupi was represented by counsel, and directed Defendant Palisades to cease contacting him, and to cease all further collection activities because Mr. Crupi was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

11. Nonetheless, despite being advised that Mr. Crupi was represented by counsel and refused to pay the debt, Defendant Palisades had Defendant Wyse send Mr. Crupi a collection letter, dated August 12, 2010, which demanded payment of the Providian-Chase Bank debt. A copy of this collection letter is attached as Exhibit D.

12. Accordingly, on October 6, 2010, Mr. Crupi's attorneys at LASPD had to again inform Defendants that they must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit E.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Mr. Crupi's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.	Defendants knew, or readily could have known, that Mr. Crupi was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendants, in writing (Exhibit C), that Mr. Crupi was represented by counsel, and had demanded a cessation of communications with Mr. Crupi.  By directly sending Mr. Crupi a collection letter (Exhibit D), despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22.	Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Vincent Crupi, prays that this Court:

1.	Find that Defendants' debt collection actions violated the FDCPA;

2.	Enter judgment in favor of Plaintiff Crupi, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.	Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Vincent Crupi, demands trial by jury.

Vincent Crupi,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  October 28, 2010

5

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com